# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| MICHAEL ALLEN KELLEY, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CAUSE NO. 2:14-CV-196-TLS |
| INDIANA ATTORNEY GENERAL, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Michael Allen Kelley, a pro se prisoner, filed a habeas corpus petition attempting to challenge his robbery conviction and 10 to 25 year suspended sentence by the Lake Superior Court under cause number CR-374-707 on July 3, 1975. However, to obtain habeas corpus relief, a petitioner must be "in custody." 28 U.S.C. § 2254(a). This requires that the "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Here, Kelley acknowledges that he is not in custody on the 1975 robbery conviction. This is consistent with the holding of the Court of Appeals of Indiana which determined that this conviction "had no direct present penal consequences." *Kelley v. State*, No. 45A04-1303-PC-161, *12 (Ind. Ct. App. November 7, 2013), available at http://www.in.gov/judiciary/opinions/pdf/11071301nhv.pdf).

Instead, Kelley argues that he is "incarcerated on a federal charge which is using this State conviction to enhance his sentence beyond the statutory maximum." (ECF No. 8 at 5.) However, that is not correct. Though the United States District Court for the Western District of Missouri has accepted Kelley's guilty plea, it has not yet sentenced him. Indeed, his attorney is objecting to the pre-sentence investigation report by arguing that the "Defendant contents [sic]

that the Lake County Indiana Case No. CR374-707 robbery was dismissed by the Lake County Prosecutor and should not be counted." *See United States v. Kelly*, 6:11-cr-3044 (W.D. Mo. filed June 15, 2011), ECF No. 98-1 at 2. Thus, Kelley is not even in custody on a sentence that has been enhanced by the 1975 robbery conviction. If Kelley's sentence is ultimately enhanced as a result of the 1975 robbery conviction, then Kelley may have a basis for challenging the new sentence, but he may not directly challenge the 1975 robbery conviction because he is not "in custody" on that conviction. *See Lackawanna Cnty. Dist. Attorney. v. Coss*, 532 U.S. 394, 401–02 (2001).

Finally, Kelley asks to be appointed counsel. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the appointment of counsel in a habeas corpus case if, "given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have . . . a reasonable chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (brackets, quotation marks, and citation omitted). Here, Kelley has no chance of winning because he is not currently in custody on the 1975 robbery conviction that he is attempting to challenge. Because this court lacks jurisdiction, the appointment of a lawyer would not alter the result of this case.

For the foregoing reasons, the court **DENIES** the request for counsel [ECF No. 7] and **DISMISSES** this case for want of jurisdiction.

SO ORDERED on July 8, 2014.

   s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION